JARON D PERKINS

PO Box 942

Glendale, AZ 85311

(602) 531-8014

jaron.perkins@cox.net

```
☑ FILED        ___ LODGED
___ RECEIVED   ___ COPY

    JAN 21 2020

CLERK U S DISTRICT COURT
  DISTRICT OF ARIZONA
BY_____ DEPUTY
```

# IN UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

JARON D PERKINS,

    Plaintiff, ProSe'

v.

WESTERRA CREDIT UNION,

    Defendant(s).

CASE NUMBER:  CV-20-147-PHX-DWL

**TRIAL BY JURY DEMANDED**

**COMPLAINT**

## Jurisdiction

This court has jurisdiction over this matter pursuant to The Fair Credit Reporting Act 15 USC §1681, et seq. At all times the Plaintiff is a resident of Maricopa County State of Arizona. The State of Arizona abides by and adheres to these laws, thus establishing the jurisdiction of this honorable court. Specifically the Fair Credit Reporting Act § 618 15 USC §1681p, et seq. Plaintiff respectfully submits Plaintiffs Statement of Claim.

## Complaint

1. COMES NOW the Plaintiff, Jaron D Perkins. The Defendant Westerra Credit Union 3700 E Alameda Ave, Denver, CO 80209 is a credit lender and as such governed under the law by The Fair Credit Reporting Act 15 USC §1681, et seq. and also reports these accounts to the national credit reporting agencies i.e. Equifax, Trans Union, Experian, and Innovis all national credit

Page 1

reporting agencies.

2. The Plaintiff denies ever having any contractual agreement for credit, loans or services relationship with the Defendant.

3. Even if the Plaintiff did have such an agreement, which the Plaintiff denies, the alleged account is not in question here. But the fact as to how it was or was not verified and wrongful actions of the Defendant in inserting erroneous and inaccurate information and failure to indicate the account is in dispute in the Plaintiffs credit reports, violated the civil rights of the Plaintiff and the law as outlined in The Fair Credit Reporting Act 15 USC §1681, et seq.

4. The Plaintiff requested a copy of his Credit Report from Experian/Equifax and Trans Union on June 25, 2019 and again in July 2019, August 2019, September 2019, October 2019, November 2019, December 2019, and January 2020.

5. The Plaintiff was alerted to this through his credit monitoring service Experian who also records these transactions. Upon inspection of the said report the Plaintiff observed that Westerra Credit Union was listed on the Plaintiffs Experian, Equifax, and Trans Union credit report indicating a debt Westerra Credit Union.

6. The Plaintiff contacted the Defendant by U.S. Postal Service Certified Mail Return Receipt on May 13, 2019 which the Defendant received on May 16, 2019 asking for proof of this alleged account. The Plaintiff had contacted the Defendant by US mail on several other occasions prior to this and had never received an answer from the Defendant and has attempted to have an explanation from the Defendant without any response.

7. The Plaintiff has tried every way possible to resolve these issues but has never received an answer from Westerra Credit Union, forcing the Plaintiff to seek Justice and for the court to

Page 2

PERKINS v WESTERRA CREDIT UNION

intervene in this matter.

8. The derogatory erroneous and inaccurate information still remains on the Plaintiff's Credit report to date. The Plaintiff has requested confirmation/disputed this alleged account with Experian, Equifax, and Trans Union on several occasions and Experian, Equifax, and Trans Union all have confirmed that they are reporting it correctly as advised to Experian, Equifax, and Trans Union by Westerra Credit Union.

9. The Defendant must also inform notice of dispute to the Major Credit Reporting agencies that the alleged account is in dispute, which the Defendant has not done to date. The Defendant has continued reporting erroneous and inaccurate information by updating the Plaintiffs credit report for more than nine months even after informing the Defendant of this and asking for proof of any account and has done so to-date.

10. The Defendant is in violation the Fair Credit Reporting Act [15 U.S.C. § 1681s-2], et seq. As follows:
    A. Failure to inform the National Credit Reporting Agencies that the alleged account is in dispute and failing to do so for over nine months.
    B. Continually updating the Plaintiff's credit report for over nine months with this erroneous and inaccurate information.

**Plaintiff has a negative Experian, Equifax, and Trans Union credit score of 610 as of this date and has been denied credit at reasonable rates because of the willful noncompliance actions erroneous and inaccurate reporting and/or inaction's of the defendants.**

**Plaintiff has suffered injury in the form of Defamation of Character.**

**COUNT 1 – Violation of § 623. Responsibilities of furnishers of information to consumer reporting agencies [15 U.S.C. § 1681s-2]**

Failure to inform the National Credit Reporting Agencies that the alleged account is in dispute.

The information from Westerra Credit Union on the Experian, Equifax, and Trans Unions credit report of Plaintiff does not reflect that the information is disputed by the consumer.

*Plaintiff demands judgment in the amount of $27,000.00 for each month the Defendant violated the act by updating the Plaintiffs credit reports with inaccurate and erroneous information.*

**COUNT 2 - Violation of § 623. Responsibilities of furnishers of information to consumer reporting agencies [15 U.S.C. § 1681s-2]**

Continually updating the Plaintiff's credit report with this erroneous and inaccurate information.

Plaintiff has notified defendant Westerra Credit Union multiple times by US mail that the Plaintiff disputes the inaccurate information.

Defendant Westerra Credit Union continues to report the alleged debt on the Experian, Equifax, and Trans Union credit reports of Plaintiff to date.

*Plaintiff demands Judgment in the amount of $27,000.00 for each month the Defendant has failed to report the alleged account in dispute.*

**§ 623. Responsibilities of furnishers of information to consumer reporting agencies [15 U.S.C. § 1681s-2]**

(a) Duty of Furnishers of Information to Provide Accurate Information
   (1) Prohibition
      (A) *Reporting information with actual knowledge of errors.* A person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate.
      (B) *Reporting information after notice and confirmation of errors.* A person shall not furnish information relating to a consumer to any consumer reporting agency if

(i) the person has been notified by the consumer, at the address specified by the person for such notices, that specific information is inaccurate; and

>   (2) *Duty to correct and update information.* A person who
>>    (A) regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about the person's transactions or experiences with any consumer; and

(B) has furnished to a consumer reporting agency information that the person determines is not complete or accurate, shall promptly notify the consumer reporting agency of that determination and provide to the agency any corrections to that information, or any additional information, that is necessary to make the information provided by the person to the agency complete and accurate, and shall not thereafter furnish to the agency any of the information that remains not complete or accurate.

(3) *Duty to provide notice of dispute.* If the completeness or accuracy of any information furnished by any person to any consumer reporting agency is disputed to such person by a consumer, the person may not furnish the information to any consumer reporting agency without notice that such information is disputed by the consumer.

(b) Duties of furnishers of information upon notice of dispute.

(1) In general. After receiving notice pursuant to section 611(a)(2) [§ 1681i] of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall

(A) conduct an investigation with respect to the disputed information;
(B) review all relevant information provided by the consumer reporting agency pursuant to section 611(a)(2) [§ 1681i];
(C) report the results of the investigation to the consumer reporting agency; and
(D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis.
(2) Deadline. A person shall complete all investigations, reviews, and reports required under paragraph

(1) regarding information provided by the person to a consumer reporting agency, before the expiration of the period under section 611(a)(1) [§ 1681i] within which the consumer reporting agency is required to complete actions required by that section regarding that information.

**According to the Fair Credit Reporting Act, 616. Civil liability for willful noncompliance [15 U.S.C. § 1681n]**, (a) In general. Any person who willfully fails to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of (1) (A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000, (2) such amount of punitive damages as the court may allow; and (3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

**According to the Fair Credit Reporting Act, 617. Civil liability for negligent noncompliance [15 U.S.C. § 1681o]**

(a) In general. Any person who is negligent in failing to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of

(1) any actual damages sustained by the consumer as a result of the failure;

(2) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

**WHEREFORE**, the Defendant has violated the Fair Credit Reporting Act, Plaintiff demands judgment in the amount of $54,000.00 for their violations of the FCRA, plus all costs of this action along with punitive damages based on damage to the plaintiffs credit score, credit report, and reputation in the amount of $150,000.00

## **STATEMENT UPON WHICH RELIEF CAN BE GRANTED**

1. A settlement agreement between the Plaintiff and the Defendant that the Defendant shall remove any derogatory information and inquiries from all four major credit-reporting agencies Trans Union, Equifax, Experian and Innovis and any other known credit reporting agencies Westerra Credit Union has used now or may use in the future.

2. Defendant must also provide a letter and or Universal Data Form indicating that they have done this and send same to the Plaintiff.

3. The Defendant will be barred now or in the future from selling or transferring of the alleged account to any other lender, collection agency or attorney or entity and also barred now and in the future from re-entering this information into the Plaintiffs credit reports.

4. The Defendant must cease and desist any further collection activities if applicable against the Plaintiff and the Defendant may not sell or transfer the alleged account to any other Collection Agency or Attorney or entity now or in the future.

5. Payment of $54,000.00 for their violations

6. Damages as allowed by the Court

Respectfully submitted,

/s/ Jaron Perkins

Plaintiff ProSe'

Jaron Perkins
PO Box 942
Glendale, AZ 85311
602-531-8014
Jaron.perkins@cox.net